UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| v. | ~~21 Cr.~~ 496 |
| FRANKLYN ESPINOSA ALMONTE , FAUSTO ESPINOSA ALMONTE, and ISAUL ESPINOSA, | #21 cR. 496 |
| *Defendants.* | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __/o-4-21__

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court

hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of

documents, objects and information, including electronically stored information ("ESI"), pursuant

to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general

obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "disclosure material." The Government's disclosure material may include

material that (1) affects the privacy and confidentiality of individuals and entities; (2) would

impede, if prematurely disclosed, the Government's ongoing investigation of uncharged

individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which

is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the

Government to produce expeditiously the disclosure material without further litigation or the need

for substantial redaction. It will also afford the defense prompt access to those materials, in

substantially unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material, provided that the only people with access to such services are those authorized herein to receive disclosure material, or to transfer such material to such authorized recipients.

2

8.  The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, including from various cell phones belonging to, among others, the defendants.  This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

### Return or Destruction of Material

9.  Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.  This provision does not apply to any disclosure material or ESI that belongs to the defendant.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney
Southern District of New York

by: _____        Date:      09/30/2021
Mitzi Steiner / Michael Herman                           _____
Assistant United States Attorneys


_____            Date:   10/1/21
Jonathan Marvinny, Esq.                                  _____
Counsel for Franklyn Espinosa Almonte


_____            Date:   10/02/21
Andrew Bernstein, Esq.                                   _____
Counsel for Fausto Espinosa Almonte



SO ORDERED:

Dated:  New York, New York
        October ___, 2021


_____
THE HONORABLE JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE

4